UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **CYNTHIA JOHNSON** | : | **CIVIL ACTION NO. 5:22-cv-04146** |
| **VERSUS** | : | **JUDGE DONALD E. WALTER** |
| **AMERICAN WESTERN HOME INSURANCE CO.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss filed by defendant American Western Home Insurance Company. Doc. 15. When setting plaintiff's response deadline, the court warned: "***Plaintiff is cautioned that her failure to respond to this motion will result in our considering the motion unopposed and we will issue a report and recommendation to the district court that the motion to dismiss be granted***." Doc. 18 (emphasis in original). Plaintiff did not file an opposition to the motion, so we will consider it unopposed.

The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the reasons stated, **IT IS RECOMMENDED** that the motion be **GRANTED**.

### I.
#### BACKGROUND

This case arises from damage to plaintiff's home in Shreveport, Louisiana, allegedly caused by Hurricanes Laura and Delta on August 27, 2020, and October 9, 2020, respectively. Doc. 1. Plaintiff filed suit in this court on August 25, 2022, raising claims of breach of insurance contract and bad faith against American Western Home Insurance Company under Louisiana

law. Doc. 1. The complaint claims that the property at issue was insured by defendant at the time of the hurricanes and that the insurance policy in place during the hurricanes was policy number 101-331-955. *Id.* at ¶ 1.

Defendant filed the instant motion claiming it did not issue a policy of insurance to plaintiff. Doc. 15, att. 1, p. 2. Defendant further asserts that it found policy number 101-331-995, which was issued to plaintiff by a different entity, American Modern Property and Casualty Insurance Company. *Id.* Additionally, the policy's term was from April 30, 2021, to April 30, 2022. *Id.* Defendant attached the policy to its motion. Doc. 15, att. 2.

## II.
### LAW AND ANALYSIS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate when a complaint fails to state a legally cognizable claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When deciding a Rule 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). To survive the motion, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). In assessing a Rule 12(b)(6) motion, a court may consider documents attached to a motion to dismiss if those documents are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Id.*

Plaintiff's claims against defendant all rely on the assertion that defendant supplied the insurance policy at issue to plaintiff and that the policy was in effect at the time of Hurricanes Laura and Delta. Additionally, the policy attached to the motion to dismiss bears the same policy number as the policy mentioned in the complaint and names plaintiff as the policyholder.

Thus, we find that the policy attached to defendant's motion [doc. 15, att. 2] is the insurance policy referenced in the complaint and that said policy is central to all of plaintiff's claims. Accordingly, we may consider the policy in our assessment of the instant motion.

The complaint claims the policy "was in full force and effect on both August 27, 2020 and October 9, 2020." Doc. 1, p. 3, ¶ 8. Defendant, however, notes that the policy did not go into effect until April 30, 2021. Doc. 15, att. 1, p. 4. The complaint also alleges that plaintiff's property was insured "by a policy of insurance issued and maintained by Defendant bearing policy number 101-331-955." Doc. 1, p. 1, ¶ 1. But the policy itself names American Modern Property and Casualty Insurance Company, not defendant, as the insurer. Doc. 15, att. 2, p. 1. Because the policy's contents contradict the complaint's factual allegations, the policy—not the allegations—controls. *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (asserting that the exhibit controls when its contents contradict the complaint's allegations).

Considering that plaintiff named the wrong insurer as defendant and that the policy upon which plaintiff based all her claims was not in effect at the time the property allegedly incurred damage, plaintiff has failed to state a claim to relief that is plausible on its face.

### III.
#### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Dismiss [Doc. 15] be **GRANTED** as unopposed, and all claims against defendant American Western Home Insurance Company should be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections

within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 19th day of October, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE